| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL IX | | |
| LORRAINE MEJÍAS RODRÍGUEZ<br><br>Recurrente<br><br><br>v.<br><br><br>PUERTO RICO TELEPHONE COMPANY, INC. H/N/C CLARO<br><br>Recurrido | TA2025RA00124 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta Reglamentadora de Servicio Público, Negociado de Telecomunicaciones de Puerto Rico (NET)<br><br>Caso número: JRSP-NET-2025-0002<br><br>Sobre: Revisión de Resolución y Orden Administrativa |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Comparece ante nos, Lorraine Mejías Rodríguez (Mejías Rodríguez o recurrente) y solicita la revisión de la *Resolución* emitida y notificada el 26 de junio de 2025 por la Junta Reglamentadora de Servicio Público (JRSP).[1] Mediante el referido dictamen, la JRSP desestimó el recurso incoado por Mejías Rodríguez debido a que presentó una *Solicitud de Revisión* tardía.

Por los fundamentos que expondremos a continuación, se desestima el recurso por la falta de diligencia de Mejías Rodríguez con el perfeccionamiento del recurso.

## I.

El caso tiene su inicio cuando, el 3 de octubre de 2022, la recurrente presentó una *Querella* ante el Negociado de

---

[1] Apéndice del Recurso, Anejo 3.

Telecomunicaciones de Puerto Rico (NET) en la que alegó que Puerto Rico Telephone Company Inc., (parte recurrida) le facturó unos cargos adicionales, que no estaban incluidos en el contrato de servicio telefónico.[2]

El 8 de noviembre de 2022, la recurrida instó una *Contestación a Querella y Moción de desestimación* en la que arguyó que, se encargó de hacer varios reajustes en las facturas. [3] Por ende, solicitó la desestimación del recurso por haber resuelto la controversia en torno al balance de las facturas.

Tras varios incidentes procesales, el 14 de mayo de 2024, el NET emitió una *Resolución* en la que desestimó la *Querella* debido a que la controversia se tornó académica.[4]

El 4 de junio de 2024, Mejías Rodríguez instó una *Moción de Reconsideración* ante el NET.[5]

El 28 de agosto de 2024, el NET declaró No Ha Lugar la *Moción de Reconsideración.*[6] Asimismo, le advirtió a la recurrente sobre su derecho a solicitar un Recurso de Revisión ante este Tribunal de Apelaciones o ante la JRSP.

Sin embargo, el 26 de septiembre de 2024, Mejías Rodríguez radicó una *Solicitud de Revisión* ante el NET y no en este Tribunal ni ante la JRSP.[7]

Tiempo después, el 8 de abril de 2025, la recurrente presentó una *Moción al expediente*, ante la JRSP, en la que solicitó que ese foro administrativo revisara el dictamen emitido por el NET.[8]

Así la cosas, el 26 de junio de 2025, la JRSP emitió y notificó una *Resolución* en la que esbozó trece (13) determinaciones de

---

[2] Apéndice del Recurso, Anejo 3.
[3] *Íd.*
[4] *Íd.*
[5] *Íd.*
[6] *Íd.*
[7] *Íd.*
[8] *Íd.*

hechos.[9] En su mayoría, las determinaciones de hechos estaban relacionadas al tracto procesal del caso. La JRSP resolvió que procedía desestimar el caso por falta de jurisdicción en virtud de que Mejías Rodríguez instó, más de seis (6) meses después de la presentación de una *Solicitud de Revisión* ante el NET, un Recurso de Revisión ante la JRSP. Ello, puesto que la recurrente fue debidamente apercibida de los términos y los foros que debía acudir para instar un Recurso de Revisión. Por ende, la JRSP desestimó el recurso tras Mejías Rodríguez presentar un recurso de revisión fuera del término estatutario.

Inconforme, el 29 de julio de 2025, Mejías Rodríguez acudió ante este foro mediante la presentación de un *Recurso de Revisión Administrativa* y esbozó, lo que entendemos que son los siguientes señalamientos de error:

> Primer error: La cuenta BAN 711754279, asociada al número (787)-782-5938, fue modificada el 18 de marzo de 2021 para incluir servicios de telefonía e internet 5G por $37.99 más impuestos.
>
> Segundo error: La NET desestimó la querella el 14 de mayo de 2024 por "considerarla académica", ignorando los acuerdos contractuales verbales.
>
> Tercer error: La parte recurrente fue adversamente afectada por la Resolución y Orden en Reconsideración del 28 de agosto de 2024, sin que se le reconociera el derecho a revisión efectiva.

La Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025), nos autoriza a prescindir de los escritos de escritos, términos jurisdiccionales y escritos con el propósito de lograr el más justo y eficiente despacho. Por ende, resolveremos el recurso ante nos sin la comparecencia de la recurrida.

---

[9] *Íd.*

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA; Junta de Planificación del ELA; Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico*, 211 DPR 521; *MCS Advantage, Inc. v. José L. Fossas Blanco y otros*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y

deben ser resueltas con preferencia. *Íd.*; *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA; Junta de Planificación del ELA; Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico*, supra.

**B.**

La Regla 59 del Reglamento del Tribunal de Apelaciones, supra, estatuye lo que contendrá un escrito de un Recurso de Revisión Judicial. En esa línea, la Regla 59 de nuestro Reglamento, supra, establece que:

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

[...]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

La Regla 83 del Reglamento de este Tribunal, *supra,* nos permite desestimar un recurso por no presentarse de forma diligente o de buena fe. En el comentario de la citada regla, aclara que fue eliminado el inciso que permitía a este Tribunal desestimar un recurso por defectos de forma y notificación. No obstante, el Reglamento nos confiere la autoridad para desestimar un recurso si la parte promovente no fue diligente con la presentación del recurso para lograr el perfeccionamiento de este. Resulta indispensable destacar que, el incumplimiento con los requisitos jurisdiccionales impide que este Tribunal pueda resolver la controversia que se presenta. *Pérez Soto v. Cantera Pérez, Inc. y otros*, 188 DPR 98 (2013).

**III.**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. *Allied Mgmt. Group v. Oriental Bank*, supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Cónsono con lo anterior, procederemos a evaluar si la parte recurrente cumplió con las disposiciones reglamentarias pertinentes para el perfeccionamiento del recurso. Veamos.

Luego de examinar detenidamente el recurso ante nos, constatamos que la recurrente presentó ante esta Curia un *Recurso de Revisión Judicial* que no cumple con los requerimientos para su perfeccionamiento. Ello, pues el recurso adolece de tener unos señalamientos de error que nos permitan identificar la controversia del recurso. Los señalamientos de error redactados por Mejías Rodríguez son meramente datos acerca de la información de la cuenta telefónica de esta. Dichos errores, no nos arrojan luz para comprender los planteamientos de la recurrente e identificar en qué la recurrente solicita que ejerzamos nuestra función apelativa. Así

pues, la recurrente no expuso de manera argumentativa los alegados errores que cometió la JRSP.

Por otro lado, la recurrente no incluyó en el *Recurso de Revisión Judicial* una discusión del derecho aplicable que justificara la concesión del remedio solicitado. Cónsono con lo anterior, Mejías Rodríguez no presentó un análisis fundado en derecho, que esbozara cómo la agencia resolvió contrario a derecho. Con ello, Mejías Rodríguez no adujo los fundamentos jurídicos para persuadirnos en resolver contrario a la JRSP.

A la luz de lo esbozado, resolvemos que Mejías Rodríguez no fue diligente en el perfeccionamiento de este *Recurso de Revisión Judicial.* La recurrente debió ser diligente en el cumplimiento con la normativa expuesta en nuestro reglamento para el perfeccionamiento de este. Ciertamente, no estamos en posición para resolver los méritos del caso con el sigilo, análisis y cuidado que amerita.

En vista de lo anterior, ante el incumplimiento con nuestro Reglamento, supra, el cual busca el perfeccionamiento del Recurso de Revisión Judicial ante nos, estamos imposibilitados de ejercer nuestra función revisora sobre dicho recurso. Consecuentemente, resulta forzoso desestimar el presente de recurso por falta de diligencia en el perfeccionamiento del recurso.

**IV.**

Por los fundamentos que anteceden, desestimamos el presente recurso ante la falta de diligencia en el perfeccionamiento del recurso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones